UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN T. OLDCROFT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:13-CV-2231 (CEJ) |
| ) | |
| CHRIS KOSTER and D.R STEPHEN, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on the petition of Allen T. Oldcroft for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is presently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. On August 31, 1998, he pled guilty to one count of forcible rape in the Circuit Court of Jefferson County, Missouri and was sentenced to a five-year term of imprisonment, to be served concurrently with sentences in other cases.

On January 13, 2012, the Missouri Department of Corrections placed petitioner on parole status and transferred him to the custody of the United States Marshals Service, pursuant to a detainer issued in connection with an 80-month sentence of imprisonment imposed in a federal case. Resp. Ex. B at 2 [Doc. #15-2]. See United States v. Oldcroft, 4:10CR190 (HEA). On November 30, 2012, the Missouri Department of Corrections released petitioner from parole status. Resp. B at 4. On November 1, 2013, petitioner filed this petition for writ of habeas corpus. He asserts that he is factually innocent of the crime, in light of newly discovered

DNA evidence, that he received ineffective assistance of counsel, and that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963).

District courts have jurisdiction to entertain petitions for writ of habeas corpus only for persons "who are in custody . . . in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.. "The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Where a state prisoner is no longer in state custody because he has completed serving his state sentence, a petition filed pursuant to 28 U.S.C. § 2254 should be dismissed for lack of jurisdiction. Maleng v. Cook, 490 U.S. 488, 490-92 (1989); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1985). The fact that the prior conviction may be used to enhance the sentence imposed for subsequent crimes does not satisfy the "in custody" requirement. Maleng, 490 U.S. at 492 ("The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.") The effect of a prior conviction to enhance a sentence is a collateral consequence which does "not give rise to jurisdiction to grant habeas relief." Flittie v. Solem, 867 F.2d 1053, 1055 (8th Cir. 1988).

At the time petitioner filed the petition in this case, he had completed his state sentence, was not on state parole, and he had begun service of his federal

sentence.  Thus, petitioner cannot meet the "in custody" requirement of § 2254(a), and the court lacks jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **dismissed** for lack of subject matter jurisdiction.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2015.